Finn W. Dusenbery
LAW OFFICE OF FINN W. DUSENBERY
26 Broadway, 21st Fl
New York, NY 10004
Tel: (212) 583-0030
Fax: (646) 786-3250

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**      Index No.:
-----------------------------------------------------------x
**JOSE ORTIZ,**

       **Plaintiff,**      **COMPLAINT**

   v.

**BREADROLL, LLC d/b/a MAISON KAYSER,**

       **Defendant.**
-----------------------------------------------------------x

Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendant conducts business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## PARTIES

3. Defendant Breadroll, LLC d/b/a Maison Kayser ("Maison Kayser") is a New York corporation that operates a number of restaurants in Manhattan and one in Brooklyn. Upon information and belief, Maison Kayser has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and has an annual gross volume of sales in excess of $500,000.

4. Plaintiff Jose Ortiz ("Plaintiff Ortiz") was employed by Defendant from in or around November 2013 to May 2016.

## FACTS

5. Defendant committed the acts alleged in this Complaint knowingly, intentionally and willfully.

6. Defendant knew that nonpayment of minimum wage, overtime, and failure to provide required notices violated federal and state laws.

7. Plaintiff Ortiz was employed by Defendant as a handyman from in or around November 2013 to May 2016, and his job duties included painting, fixing toilets, shoveling snow, changing lightbulbs and outlets, and fixing any leaks at any of Defendant's restaurants that needed work done.

8. During his employment, Plaintiff Ortiz generally worked about sixty (60) to seventy (70) hours per week.

9. Though his work hours varied from week to week, Plaintiff Ortiz generally worked from about 8 a.m. to 6 p.m. or 6:30 p.m. on Monday, Tuesday, Thursday, Friday and Saturday. Plaintiff Ortiz was also called in to work on Wednesday and Sunday at varying times,

but generally worked about four (4) to five (5) hours per week on Wednesday and four (4) to six (6) hours per week on Sunday.

10. From in or around February 2014 to June 2015, Defendant paid Plaintiff a salary of $40,000 per year on a weekly basis.

11. From in or around June 2015 to November 2015, Defendant paid Plaintiff Ortiz a salary of $45,000 per year on a weekly basis.

12. From in or around November 2015 to the end of Plaintiff Ortiz's employment, Defendant paid Plaintiff Ortiz a salary of $50,000 per year on a weekly basis.

13. Defendant did not pay Plaintiff Ortiz an overtime premium of one and a half times Plaintiff Ortiz's regular rate for hours worked in excess of forty (40) per week.

14. Defendant never provided Plaintiff Ortiz with the notices required by New York Labor Law § 195.

## FIRST CLAIM FOR RELIEF
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)**

15. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

16. Throughout the relevant statute of limitations period, Plaintiff regularly worked in excess of forty (40) hours per workweek.

17. At all relevant times, Defendant had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff an overtime premium of one and a half times Plaintiff's regular rate for hours worked in excess of forty (40) per workweek and willfully failing to keep records required by the FLSA and relevant regulations even though the Plaintiff has been and is entitled to overtime.

18. At all relevant times, Defendant willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one and a half times Plaintiff's regular rate for hours worked in excess of forty (40) hours per workweek.

19. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (New York State Overtime Violations, N.Y. Lab. L. §§ 650 *et seq.* N.Y. Comp. Codes R. & Regs., tit. 12, § 146-1.4)

20. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

21. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

22. Throughout the relevant statute of limitations period, Defendant willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one-and-one-half times Plaintiff's regular rate for hours worked in excess of forty (40) hours per workweek.

23. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated damages as provided by the New York Labor Law for overtime violations, pre- and post-judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (New York Notice Requirements, N.Y. Lab. L. §§ 195, 198)

24. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

25. Defendant did not provide Plaintiff with the notices required by N.Y. Lab. Law § 195.

26. As a result of Defendant's unlawful conduct, Plaintiff is entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, and attorneys' fees and costs as provided for by N.Y. Lab. Law § 663.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. An award of damages, according to proof, to be paid by Defendant;

B. Liquidated damages and penalties available under applicable laws;

C. Costs of action incurred herein, including expert fees;

D. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

E. Pre-judgment and post-judgment interest, as provided by law; and

F. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
October 13, 2016

Respectfully submitted,

By:
/s/ Finn W. Dusenbery_____
Finn W. Dusenbery
LAW OFFICE OF FINN W. DUSENBERY
26 Broadway, 21st Fl
New York, NY 10004
Tel: (212) 583-0030
Fax: (646) 786-3250

*Attorney for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to a jury trial.